1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GREGORY C. BONTEMPS,

11              Plaintiff,                    No. 2:12-cv-0771 KJN P

12         vs.

13   BONNIE LEE, et al.,

14              Defendants.              ORDER

15   _____/

16         Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief

17   pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to

18   28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1)

19   and Local Rule 302.

20         Plaintiff has submitted a declaration that makes the showing required by

21   28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22         Plaintiff is required to pay the statutory filing fee of $350.00 for this action.

23   28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing

24   fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court

25   will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison

26   trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to

1

make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual

1  allegations sufficient "to raise a right to relief above the speculative level." Id.  However,

2  "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair

3  notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551

4  U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal

5  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept

6  as true the allegations of the complaint in question, id., and construe the pleading in the light

7  most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other

8  grounds, Davis v. Scherer, 468 U.S. 183 (1984).

9          The Civil Rights Act under which this action was filed provides as follows:

10             Every person who, under color of [state law] . . . subjects, or causes
               to be subjected, any citizen of the United States . . . to the
11             deprivation of any rights, privileges, or immunities secured by the
               Constitution . . . shall be liable to the party injured in an action at
12             law, suit in equity, or other proper proceeding for redress.

13  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

14  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

15  Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978) ("Congress did not intend

16  § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976)

17  (no affirmative link between the incidents of police misconduct and the adoption of any plan or

18  policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects'

19  another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an

20  affirmative act, participates in another's affirmative acts or omits to perform an act which he is

21  legally required to do that causes the deprivation of which complaint is made." Johnson v.

22  Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

23          Moreover, supervisory personnel are generally not liable under § 1983 for the

24  actions of their employees under a theory of respondeat superior and, therefore, when a named

25  defendant holds a supervisorial position, the causal link between him and the claimed

26  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

3

(9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979) (no liability where there is no evidence of personal participation). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

Plaintiff filed both an initial complaint (Dkt. No. 1) and a First Amended Complaint (Dkt. No. 7), the latter containing additional defendants; nevertheless, because dismissal of both complaints is required, the following analysis is based upon the content of both complaints, and the exhibits attached to the initial complaint. The court notes initially that the complaints are handwritten and difficult to decipher; the follow depends largely on the exhibits attached to the initial complaint.

Plaintiff suffers from the Hepatitis C virus ("HCV"). Plaintiff appears to allege that defendant Dr. Abdul-Rahman failed to: (a) conduct an adequate examination, (b) ask plaintiff necessary questions or take a history, or (c) conduct tests called for by plaintiff's symptoms. Plaintiff appears to allege defendant that Dr. Lee failed to order medical devices and to order that plaintiff be seen by a specialist. Plaintiff appears to allege that defendant Dr. Frazier failed to provide a competent medical staff to examine plaintiff's illness. In addition, plaintiff appears to name, without legible allegations, defendant physicians Rolfing, Smith, Zachariah, Swingle, and Kim (the spelling of these names is guesswork).

Plaintiff is informed that to state a section 1983 claim for a constitutional violation based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendant possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 297-99 (1991); McKinney v. Anderson, 959 F.2d 853, 854 (9th Cir. 1992).

4

A serious medical need is one that significantly affects an individual's daily activities, an injury or condition a reasonable doctor or patient would find worthy of comment or treatment, or the existence of chronic and substantial pain.  See, e.g., McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds by WMX Techs. v. Miller, 104 F.2d 1133, 1136 (9th Cir.1997) (en banc).

Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided.  Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988).  To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  Id. at 847.  "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm."  Id. at 842.  A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights.  Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989).  A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case.  Id.  Deliberate indifference in the medical context may also be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need.  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

It is important to differentiate common law negligence claims of malpractice (cognizable in the state courts), from claims predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment (cognizable in the federal courts).  In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06); see also Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004).  It is well

1  established that mere differences of opinion concerning the appropriate treatment cannot be the

2  basis of an Eighth Amendment violation.  Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996);

3  Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

4           Applying these principles to the allegations set forth in plaintiff's complaints, it

5  appears, first, that plaintiff is voicing a difference of opinion as to the medical treatment provided

6  by defendant Abdur-Rahman.[1]  However, plaintiff alleges no facts demonstrating defendant

7  Abdur-Rahman acted, or failed to act, with a culpable state of mind.[2]  Moreover, plaintiff does

8  not identify the tests he claims he needed.  Plaintiff has been diagnosed with HCV, and the

9  administrative appeals reflect that plaintiff was started on HCV treatment on September 30,

10  2011.  (Dkt. No. 1 at 8.)  Thus, it appears plaintiff won his requested relief, HCV treatment, via

11  the administrative grievance process.  Any delay in the start of this treatment, without more, fails

12  to constitute an Eighth Amendment violation.  In addition, in the second level administrative

13  review, defendant Lee noted that plaintiff refused to see defendant Abdur-Rahman on March 2,

14  2012.  (Dkt. No. 1 at 5.)  Plaintiff is advised that he cannot state a deliberate indifference claim

15  based on his own refusal to be seen by a particular prison doctor.

16  ////

17  _____

18  [1]  Here, plaintiff provided copies of administrative appeals pursued concerning plaintiff's
medical care at High Desert State Prison.  Exhibits appended to a complaint are a part thereof for

19  all purposes.  See Fed. R. Civ. P. 10(c).

20  [2]  In his initial administrative appeal, plaintiff stated that Dr. Rolfing was plaintiff's
primary care physician since plaintiff started HCV treatment.  Plaintiff states he saw defendant
Abdur-Rahman once for plaintiff's Hepatitis C viral load, etc., but that defendant Abdur-Rahman

21  said "he didn't know any thing for he wasn't the one treating [plaintiff] for [his] [HCV] chronic
care."  (Dkt. No. 1 at 12.)  However, this statement does not reflect deliberate indifference.

22  Plaintiff does not provide the context of defendant's statement; if this was plaintiff's first
appointment with defendant Abdur-Rahman, the doctor may not have had plaintiff's medical file,

23  or may not have had time to review it prior to the appointment.  If defendant Abdur-Rahman was
going to become plaintiff's primary care physician, it may take time for him to become familiar

24  with plaintiff's medical needs.  It appears that in a subsequent appeal, plaintiff alleged defendant
Abdur-Rahman failed to provide plaintiff medical treatment, but plaintiff did not provide the date

25  such service was allegedly denied.  (Dkt. No. 1 at 5.)  Plaintiff is cautioned that in order to state a
cognizable Eighth Amendment claim, he must allege facts demonstrating a culpable state of

26  mind.

1     Second, in connection with plaintiff's claim concerning medical devices, it is

2 unclear to what plaintiff is referring.  In the first level response concerning plaintiff's request to

3 have his wheelchair repaired, defendant Lee noted that plaintiff is "designated as an intermittent

4 wheelchair user, but that defendant Abdur-Rahman evaluated plaintiff's wheelchair and

5 determined there was nothing wrong with it.  (Dkt. No. 1 at 7.)  Plaintiff's claim concerning

6 medical devices is too vague and conclusory for the court to determine whether it states a

7 cognizable claim or is legally frivolous.

8     Third, as to plaintiff's claim that defendant Lee refused to refer plaintiff to a

9 specialist, plaintiff fails to demonstrate how this refusal demonstrates deliberate indifference.

10 Indeed, in ruling on plaintiff's administrative appeal, defendant Lee confirmed that plaintiff is

11 receiving HCV treatment, and stated that "[t]here is no medical reason for [plaintiff] to be

12 transferred to another institution," presumably for HCV treatment.  (Dkt. No. 1 at 8.)  Plaintiff is

13 not permitted to dictate his medical treatment.  Bowring v. Godwin, 551 F.2d 44, 47-48 (4th Cir.

14 1977).  Therefore, plaintiff's filing demonstrates that plaintiff has a difference of opinion with

15 defendant Lee concerning the appropriate medical treatment, which does not violate the Eighth

16 Amendment.  Jackson, 90 F.3d at 332; Toguchi, 391 F.3d at 1057.

17     Fourth, plaintiff's claim as to defendant Frazer is based solely on a theory of

18 respondeat superior and therefore also fails to state a cognizable claim.

19     For all of the above reasons, the court finds the allegations in plaintiff's

20 complaints so vague and conclusory that it is unable to determine whether the current action is

21 frivolous or fails to state a claim for relief.  The court has determined that the complaint does not

22 contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal

23 Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of

24 the claim plainly and succinctly.  Jones v. Cmty Redev. Agency, 733 F.2d 646, 649 (9th Cir.

25 1984).  Plaintiff must allege with at least some degree of particularity overt acts which each

26 defendant engaged in that support plaintiffs claim.  Id.  Because plaintiff has failed to comply

7

1   with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court

2   will, however, grant leave to file a Second Amended Complaint.

3           If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

4   conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.

5   Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms

6   how each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983

7   unless there is some affirmative link or connection between a defendant's actions and the

8   claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,

9   588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official

10  participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266,

11  268 (9th Cir. 1982).

12          In addition, plaintiff is hereby informed that the court cannot refer to a prior

13  pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that

14  an amended complaint be complete in itself without reference to any prior pleading.  This

15  requirement exists because, as a general rule, an amended complaint supersedes the original

16  complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended

17  complaint, the original pleading no longer serves any function in the case.  Therefore, in an

18  amended complaint, as in an original complaint, each claim and the involvement of each

19  defendant must be sufficiently alleged.

20          Finally, should plaintiff determine, based upon the information provided herein,

21  that he has a potentially cognizable federal legal claim, he is informed that his Second Amended

22  Complaint must be legible.  Plaintiff is encouraged to legibly print or type his allegations,

23  provide sufficient detail explaining the facts underlying his legal claims, and attach copies of all

24  pertinent documents.  Plaintiff should name only those defendants against whom he has specific

25  factual allegations and legal claims.

26  ////

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's Complaint and First Amended Complaint (Dkt. Nos. 1, 7), are dismissed.

4.  Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

a.  The completed Notice of Amendment; and

b.  An original and one copy of the Second Amended Complaint. Plaintiff's Second Amended Complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The Second Amended Complaint must also bear the docket number assigned to this case and must be labeled "Second Amended Complaint."  Failure to file a Second Amended Complaint in accordance with this order may result in the dismissal of this action.

5.  The Clerk of Court is directed to send plaintiff a copy of the form used by prisoners in this district for filing a civil rights complaint pursuant to 42 U.S.C. § 1983.

DATED:  June 25, 2012

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

bont0771.14

9

1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10    GREGORY C. BONTEMPS,

11              Plaintiff,                    No. 2:12-cv-0771 KJN P

12        vs.

13    BONNIE LEE, et al.,                     <u>NOTICE OF AMENDMENT</u>

14              Defendants.

15    _____/

16        Plaintiff hereby submits the following document in compliance with the court's

17    order filed _____:

18              _____        Second Amended Complaint

19

20

21    _____        _____
      Date                                      Plaintiff

22

23

24

25

26