IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY C. BONTEMPS,

      Plaintiff,                  No. 2:12-cv-0771 KJN P

    vs.

BONNIE LEE, et al.,

      Defendants.            <u>ORDER</u>

_____/

        Plaintiff is a state prisoner, proceeding in forma pauperis and without counsel, in this action brought pursuant to 42 U.S.C. § 1983.  The court dismissed plaintiff's initial complaint, and First Amended Complaint, with leave to file a Second Amended Complaint.  (<u>See</u> Order filed June 26, 2012 (Dkt. No. 10).)  Plaintiff subsequently filed a Second Amended Complaint (Dkt. No. 14), and Third Amended Complaint (Dkt. No. 16).  The court now reviews plaintiff's Third Amended Complaint pursuant to 28 U.S.C. § 1915A, subject to the legal and pleading considerations set forth in the court's prior screening order.

        The Third Amended Complaint does not conform to accepted pleading standards; after a brief statement of the alleged facts, the complaints contains ten separate declarations, each signed by plaintiff under penalty of perjury, that repeat essentially the same allegations against each of ten defendants.  Specifically, plaintiff alleges that each of these defendants was

1

deliberately indifferent to plaintiff's serious medical needs, and were also medically negligent. Specifically, plaintiff alleges that, in 2002, defendant Smith (a physician at Deuel Vocational Institution ("DVI")), was the first doctor to diagnose plaintiff's Hepatitis C, but failed to provide treatment for two years; that defendant Zachariah (a DVI physician) was the second doctor aware of plaintiff's hepatitis, but failed to treat plaintiff for the entire year 2010; that, after plaintiff's transfer to High Dessert State Prison ("HDSP") in April 2011, physician Sylverson (with Banner Lassen Medical Center, apparently a contract service provider for HDSP) punctured plaintiff's lung during a liver biopsy on July 14, 2011; that HDSP Chief Physician and Surgeon Bonnie Lee is aware that plaintiff's hepatitis treatment was deemed failed as of July 3, 2012 (when it was stopped), but has failed to refer plaintiff for newly-approved "Hepatitis 1a" treatment; similarly, that HDSP Chief Medical Examiner Swingle, HDSP physicians Lee (not Bonnie Lee), Abdul-Rahman, Rohlfing, and Kim, as well as physician's assistant Robertson, each failed to properly treat plaintiff or prescribe the "Hepatitis 1a" regimen.

Review of plaintiff's exhibits indicates that he may not have administratively exhausted any of his claims. The Prison Litigation Reform Act requires that a prisoner exhaust available administrative remedies before bringing a federal civil rights action concerning prison conditions. 42 U.S.C. § 1997e(a); Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009) (citations omitted). Review of plaintiff's exhibits attached to each of plaintiff's four complaints fails to demonstrate that any of plaintiff's numerous grievances were administratively exhausted. The most recent prison grievance (designated "HDSP HC 12026342"), was "partially granted" pursuant to a First Level Review, issued August 10, 2012, by Dr. Bonnie Lee. That decision indicates that the "Oversight Committee" was then evaluating whether plaintiff qualified for the "Hepatitis 1a" treatment. (Dkt. No. 16 at 6.) This process appeared to be ongoing.

In addition to the apparent failure of plaintiff to exhaust his administrative remedies concerning the substance of his allegations, plaintiff's Third Amended Complaint fails to allege the requisite elements of a deliberate indifference claim. Plaintiff's mere recitation of

2

the elements, in his each of his defendant-specific declarations, fails to allege the requisite affirmative link or connection between a specific defendant's actions and the claimed deprivation of civil rights. See Rizzo v. Goode, 423 U.S. 362, 371 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of §1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978); see also Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.").

To state a cognizable claim for deliberate indifference to serious medical needs, a plaintiff must show that defendants knew of and disregarded an excessive risk to his health or safety. Farmer v. Brennan, 511 U.S. 825, 837 (1994). A prison official must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inferences." Id. The nature of a defendant's responses must be such that the defendant purposefully ignores or fails to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established. McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled in part on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997). Deliberate indifference may occur when prison officials deny, delay, or intentionally interfere with medical treatment, or may be demonstrated by the way in which prison officials provide medical care. Id. at 1059–60.

A showing of merely inadvertent or even negligent medical care is not enough to establish a constitutional violation. Estelle, 429 U.S. at 105–06; Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998). A mere difference of opinion concerning the appropriate treatment cannot be the basis for an Eighth Amendment violation. Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). Rather, an inmate must

allege facts sufficient to indicate a culpable state of mind on the part of prison officials. Wilson v. Seiter, 501 U.S. 294, 297–99 (1991). Accordingly, a difference of opinion about the proper course of treatment is not deliberate indifference nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Moreover, it does not appear that plaintiff can pursue his state law medical negligence claims in this court, because he fails to assert or demonstrate compliance with the claims presentation requirement of the California Tort Claims Act ("CTCA"), which requires the "timely presentation of a written claim and the rejection of the claim in whole or in part." Mabe v. San Bernardino County, Dept. of Public Social Services, 237 F.3d 1101, 1111 (9th Cir. 2001) (citations omitted); see Cal. Gov't Code §§ 910 et seq. In the absence of alleging or demonstrating compliance with the CTCA, plaintiff cannot proceed on his medical negligence claims. Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d. 1470, 1477 (9th Cir. 1995).

The court will grant plaintiff leave to file one further amended complaint. The complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). The complaint must provide more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). Each of plaintiff's claims, against each named defendant, should be exhausted at the administrative level. However, plaintiff may not administratively exhaust his claims during the pendency of this action; rather, plaintiff must demonstrate that he exhausted his administrative remedies before commencing this entire action. 42 U.S.C. § 1997e(a); Booth v. Churner, 532 U.S. 731, 741 (2001).

Plaintiff is again informed that an amended complaint cannot refer to a prior pleading. Local Rule 220 requires that an amended complaint be complete in itself without

reference to any prior pleading. A Fourth Amended Complaint will supersede all of plaintiff's previously-filed complaints. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). In a Fourth Amended Complaint, each claim and the involvement of each defendant must be sufficiently alleged; in addition, plaintiff should attach all pertinent exhibits.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's Third Amended Complaint is dismissed.

2. Within thirty days after service of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original and one copy of the proposed Fourth Amended Complaint.

The Fourth Amended Complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; in addition, it shall bear the docket number assigned to this case and must be labeled "Fourth Amended Complaint."

3. Failure to timely file a Fourth Amended Complaint will be construed as a request by plaintiff that this action be voluntarily dismissed without prejudice.

DATED: November 5, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

bont0771.14.tac.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY C. BONTEMPS,

    Plaintiff,                    No. 2:12-cv-0771 KJN P

    vs.

BONNIE LEE, et al.,                    NOTICE OF AMENDMENT

    Defendants.

_____/

    Plaintiff hereby submits the following document in compliance with the court's order filed _____:

    _____        Fourth Amended Complaint

_____    _____
Date                                                                Plaintiff