1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GREGORY C. BONTEMPS,

11            Plaintiff,                    No. 2:12-cv-0771 KJN P

12       vs.

13   BONNIE LEE, et al.,

14            Defendants.                   <u>ORDER</u>

15   _____/

16            Plaintiff is a state prisoner, incarcerated at High Desert State Prison ("HDSP"),

17   who proceeds in forma pauperis with a Fourth Amended Complaint alleging violation of his civil

18   rights under 42 U.S.C. § 1983.[1]  (Dkt. No. 19.)  Also pending is plaintiff's request for

19   appointment of a medical expert witness.  (Dkt. No. 15.)  Plaintiff has consented to the

20   jurisdiction of the undersigned magistrate judge for all purposes.  28 U.S.C. § 636(c); Local Rule

21   305(a).  (<u>See</u> Dkt. No. 5.)

22   ////

23

24            [1]  On June 12, 2012, the court dismissed plaintiff's initial and first amended complaints,
     with leave to file a Second Amended Complaint.  (Dkt. No. 10.)  Plaintiff subsequently filed a
25   Second Amended Complaint (Dkt. No. 14), and Third Amended Complaint (Dkt. No. 16).  On
     November 6, 2012, the court reviewed and dismissed plaintiff's Third Amended Complaint, with
26   leave to file a Fourth Amended Complaint.  (Dkt. No. 17.)

1    The court is required to screen complaints brought by prisoners seeking relief

2    against a governmental entity or officer or employee of a governmental entity, and to dismiss a

3    complaint or portion thereof if the asserted claims are legally "frivolous or malicious," fail to

4    state a claim upon which relief may be granted, or seek monetary relief from a defendant who is

5    immune from such relief.  28 U.S.C. § 1915A(a), (b)(1),(2).

6    Plaintiff challenges the medical treatment he has received for his hepatitis.  The

7    court's screening of plaintiff's complaints has been routinely difficult due to plaintiff's illegible

8    handwriting, and largely dependent on the court's construction of the attached exhibits.  In

9    dismissing plaintiff's Third Amended Complaint, the court noted plaintiff's lack of compliance

10   with accepted pleading standards (the complaint was comprised of a brief statement of alleged

11   facts, and ten separate sworn declarations by plaintiff alleging essentially the same facts against

12   each of ten defendants), and plaintiff's apparent failure to exhaust his administrative remedies

13   before initiating this action.  (Dkt. No. 17.)

14   In his Fourth Amended Complaint, plaintiff alleges that he first tested positive for

15   Hepatitis C Virus ("HCV") in 2002, when tested by Dr. Smith at Mule Creek State Prison

16   ("MCSP"), who allegedly failed to treat plaintiff for the illness.  Plaintiff was transferred to

17   Deuel Vocational Institution ("DVI") in 2007, where Dr. Zachariah also allegedly failed to treat

18   plaintiff's HCV.  Plaintiff names both Dr. Smith and Dr. Zachariah as defendants in this action.

19   However, as addressed below, such claims are legally inadequate and plaintiff apparently never

20   exhausted any such claims against these defendants.

21   Plaintiff was transferred to HDSP on April 11, 2011.  On September 30, 2011,

22   plaintiff's HCV was treated with Interferon and Ribavirin.  (Dkt. No. 19 at 12.)  Plaintiff alleges

23   that he received 36 weeks of treatment after an undated liver biopsy, which included a puncture

24   to plaintiff's lung, but the treatment was deemed a failure, and terminated, on July 3, 2012.

25   Plaintiff alleges that he has received no HCV treatment since July 2012.  He seeks to obtain

26   treatment with "two drugs, called Boceprevir and Telaprevir," that can allegedly provide

2

1   "sustained viral suppression, effectively a cure," in patients who failed to respond to initial

2   therapy, and asserts that these drugs have "tripled the odds of bringing the virus under control."

3   (Dkt. No. 19 at 6.)  Plaintiff generally alleges that the following HDSP health care staff have

4   been deliberately indifferent to his medical needs, and are therefore named as additional

5   defendants in this action:  Drs. Bonnie Lee, D. Swingle, Abdur-Rahman, J. Rohlfing, Kim, D.

6   Windsor, and Pomonaz (spelling is unclear), and physician's assistant ("PA") Robertson.

7           The attachments to plaintiff's Fourth Amended Complaint include two Third

8   Level Decisions addressing each of plaintiff's relevant administrative appeals.  The first decision,

9   issued November 4, 2011, notes, in pertinent part, plaintiff's August 2011 complaints that it had

10  "been two months since you had a liver biopsy and your lung got punctured; . . . and you still

11  haven't had any HEP C treatment." (Log No. HDSP-11-10781.)  (Dkt. No. 19 at 11-2.)  The

12  decision, issued on behalf of L.D. Zamora, Chief of the California Correctional Health Care

13  Services, noted in pertinent part that plaintiff had recently commenced HEP C treatment on

14  September 30, 2011, and concluded that "there is no compelling evidence that warrants

15  intervention at the Director's Level Review as your medical condition has been evaluated by

16  licensed clinical staff and you are receiving treatment deemed medically necessary."  (Id. at 12.)

17          The second relevant decision, issued December 14, 2011, addressed plaintiff's

18  requests that his prescription for methadone be reordered, that plaintiff be classified as totally

19  disabled (based on his HCV, brain trauma, back pain, foot injury, and mobility impairment), and,

20  generally, that Dr. Abdur-Rahman be required to provide plaintiff with proper medical care.

21  (Log No. HDSP-11-10941.)  (Dkt. No. 19 at 14-5.)  The Director's Level decision, also issued on

22  behalf of L.D. Zamora, Chief of the California Correctional Health Care Services, noted in

23  pertinent part that plaintiff 's medical "care related to your appeal issues was adequate, as you

24  received medical treatment and medication was provided as deemed appropriate for your

25  condition." (Id. at 15.)

26  ////

3

1    Review of the additional attachments to plaintiff's Fourth Amended Complaint

2  fail to reflect exhaustion of any other relevant administrative grievance.

3    The court finds no potentially cognizable claim against any named defendant in

4  plaintiff's Fourth Amended Complaint.  The allegations of the complaint challenging plaintiff's

5  treatment prior to his transfer to HDSP are too general and remote to state a claim against MCSP

6  physician Dr. Smith prior to 2007, or against DVI physician Dr. Zachariah during the period

7  2007 to 2011.  Plaintiff's attachments indicate that CDCR was unable to provide plaintiff with

8  hepatitis medications prior to his transfer to HDSP.  As set forth in the December 8, 2010 First

9  Level Response to one of plaintiff's apparently unexhausted appeals, DVI Chief Physician and

10 Surgeon Michael Fox, M.D. explained (Dkt. No. 19 at 43):

> You are requesting to get medical treatment to treat your Hepatitis
> C.  [¶]  Your appeal has been received and reviewed.  You are
> being following by your Primary Care Physician (PCP) Dr.
> Zachariah regarding your chronic condition.  Your lab tests
> regarding your liver function have been evaluated to monitor your
> disease.  Please be informed that treatment for Hepatitis cannot be
> started at an "RC" institution.  The reason is that this is a very long
> and inflexible treatment started only at a Mainline Institution.  If
> you were to start treatment at an RC facility and then were
> transferred, this would interfere in the consistency of delivery of
> medications causing the treatment to be ineffective.  It could also
> cause you to become resistant to the treatment whereby you no
> longer could be treatable (symptom managed).  Therefore, your
> request to receive treatment for your Hepatitis C is denied due to
> the reason hereby stated.

19    Four months later, on April 11, 2011, plaintiff was transferred to HDSP, where he

20 commenced treatment for his HCV on September 30, 2011, which ended on July 3, 2012.  The

21 allegations of plaintiff's complaint challenging his care at HDSP after July 3, 2012, are

22 unsupported by any evidence of a relevant and exhausted administrative appeal.  Thus, plaintiff's

23 claims that defendants Lee, Swingle, Abdur-Rahman, Rohlfing, Kim, Windsor, Pomonaz, and

24 Robertson, have been deliberately indifferent to plaintiff's medical needs during his incarceration

25 at HDSP, demonstrated by plaintiff's inability to obtain a second trial of HCV medications, are

26 not properly before this court.  Moreover, as noted in many of the responses to plaintiff's several

1  administrative grievances, inmates may not demand a particular medication or course of

2  treatment.  See 15 C.C.R. § 3354(a).

3          Plaintiff has been accorded three opportunities in this action to file a complaint

4  that states cognizable claims.  The court has spent an inordinate amount of time trying to

5  decipher plaintiff's handwriting and the significance of his numerous exhibits.  The court now

6  finds that further amendment of plaintiff's complaint would be futile.  See Lopez v. Smith, 203

7  F.3d 1122, 1127 (9th Cir. 2000) ("[A] district court should grant leave to amend ..., unless it

8  determines that the pleading could not possibly be cured by the allegation of other facts.").  For

9  these reasons, plaintiff's Fourth Amended Complaint is dismissed without further leave to

10 amend.

11         By separate motion (111 pages in length), plaintiff requests appointment of a

12 medical expert witness, pursuant to Federal Rule of Evidence 706, to obtain and review all of

13 plaintiff's medical records.  (Dkt. No. 15.)  Plaintiff states that expert review is warranted to

14 clarify his medical treatment and claims, and to identify allegedly "made up" and "false"

15 paperwork filed by some of plaintiff's medical providers, particularly by Dr. Abdur-Rahman,

16 whom plaintiff states has denied that he is plaintiff's primary care physician.

17         Plaintiff's motion is misplaced.  Federal Rule of Evidence 706 authorizes the

18 appointment of a neutral expert witness, with expenses shared by the parties.  Pursuant to Rule

19 706, district courts may, sua sponte, appoint a neutral expert witness, whether or not either party

20 agrees, and may assess the costs of the expert as the court deems appropriate.  Students of

21 California School for the Blind v. Honig, 736 F.2d 538, 549 (9th Cir. 1984) (citing Fed. R. Evid.

22 706), vacated on other grounds, 471 U.S. 148 (1985); see also Walker v. American Home Shield

23 Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999).  The principal purpose of a

24 court-appointed expert pursuant to Rule 706, is to assist the trier of fact, not to serve as an

25 advocate for a party.  Thus, "[r]easonably construed, Rule 706 does not contemplate the

26 appointment of, and compensation for, an expert to aid one of the parties."  Gamez v. Gonzalez,

2010 WL 2228427, *1 (E.D. Cal. June 3, 2010) (internal quotations, punctuation and citations omitted).

The in forma pauperis statute, 28 U.S.C. § 1915, does not alter these basic principals. Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993). "The plain language of section 1915 does not provide for the appointment of expert witnesses to aid an indigent litigant." Pedraza v. Jones, 71 F.3d 194, 196 (5th Cir. 1995); accord, Boring v. Kozakiewicz, 833 F.2d 468, 474 (3d Cir. 1987), cert. denied, 485 U.S. 991 (1988) (district court has no authority under section 1915 to pay or waive expert witness fees in civil damage suits). An indigent prisoner litigant must bear his own costs of litigation, including witnesses. Tedder v. Odel, 890 F.2d 210, 211 (9th Cir. 1989) (per curiam) (expenditure of public funds on behalf of indigent litigant is proper only when authorized by Congress; 28 U.S.C. § 1915 does not authorize the waiver of fees or expenses for an indigent party's expert witness).

For these reasons, plaintiff's request for appointment of an expert medical witness is denied.

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's request for an extension of time within which to file a Fourth Amended Complaint (Dkt. No. 18), is denied as moot.

2. Plaintiff's Fourth Amended Complaint (Dkt. No. 19), is dismissed without further leave to amend.

3. Plaintiff's motion for appointment of an expert medical witness (Dkt. No. 15), is denied.

////

////

////

////

////

1          4.  The Clerk of Court is directed to close this action.

2          SO ORDERED.

3    DATED:  January 31, 2013

4

5

6                                              _____
                                               KENDALL J. NEWMAN
7                                              UNITED STATES MAGISTRATE JUDGE

8    / bont0771.FrthAC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26